MEMORANDUM **
Plaintiff El Pueblo Para El Aire y Agua .Limpio appeals from the district court’s dismissal of its action against the EPA pursuant to 5 U.S.C. § 706(1) of the Administrative Procedures Act to compel agency action unlawfully withheld or unreasonably delayed. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we AFFIRM.
In its complaint, El Pueblo along with co-Plaintiff Padres Hacia Una Vida Mejor[1] brought claims against the EPA seeking injunctive and declaratory relief, which were dismissed by the district court. On appeal, El Pueblo only challenges the district court’s dismissal of its claim for declaratory relief. El Pueblo does not challenge the district court’s dismissal of its claims for injunctive relief.
El Pueblo argues that the district court erred in dismissing its claim for declaratory relief as moot. However, a review of the district court’s order shows that the district court did not dismiss El Pueblo’s claim for declaratory relief on mootness grounds. Rather, the district court dismissed El Pueblo’s claim for declaratory relief on the grounds that “there is no useful purpose that would be served by granting Plaintiffs’ requested declaratory relief.”
“Federal courts do not have a duty to grant declaratory judgment; therefore, it is within a district court’s discretion to dismiss an action for declaratory judgment.” Leadsinger, Inc. v. BMG Music Publ’g, 512 F.3d 522, 533 (9th Cir.2008). In determining whether maintaining jurisdiction over a declaratory judgment action is appropriate, a district court is to consid *897 er a variety of factors, including whether retaining jurisdiction would “serve a useful purpose in clarifying the legal relations at issue.” Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1107 (9th Cir.2011). We review a district court’s decision to decline jurisdiction over a declaratory judgment action for abuse of discretion. Snodgrass v. Provident Life & Accident Ins. Co., 147 F.3d 1163, 1166-67 (9th Cir.1998) (per cu-riam).
In deciding whether to exercise its jurisdiction to issue a declaratory judgment, the district judge expressed sympathy for the Plaintiffs’ position, and found that the agency’s seventeen-year delay in processing the complaint was “simply deplorable.” We share those views. Indeed, the agency conceded at oral argument that the delay in processing the Title VI complaint was unreasonable under any standard. But the district court was also well aware that we had already condemned the agency’s delays in processing Title VI complaints, see Rosemere Neighborhood Ass’n v. EPA, 581 F.3d 1169, 1175 (9th Cir.2009), and was presented with evidence about the EPA’s recent efforts to address the problem. It was in light of these facts, its commonsense conclusion that “[djefendants will not be able to contest that it took an astounding 17 years to meet the 180 day deadline in Plaintiffs’ prior Title VI complaint, irrespective of any declaration,” and its finding that declaratory relief would serve “no useful purpose” with respect to a complaint that had been already resolved, that the district judge decided not to grant declaratory relief.
We assume for today’s purposes that the district court would have been within its discretion in granting declaratory relief notwithstanding all the factors noted. But, given the broad latitude afforded to district courts under the Declaratory Judgment Act, 28 U.S.C. § 2201; see Gov’t Emps. Ins. Co. v. Dizol, 133 F.3d 1220, 1222-23 (9th Cir.1998) (en banc), we can find no abuse of discretion in its decision not to do so.
AFFIRMED.

 Gina McCarthy is substituted for her predecessor, Lisa Jackson, as Administrator of the U.S. Environmental Protection Agency, pursuant to Fed, R.App. P. 43(c).

. Co-Plaintiff Padres Hacia does not appeal the district court’s dismissal order.